I received the order of the court indicating that I should be prepared to discuss the underlying conclusion of the district court that there was insufficient evidence to support the conviction of arson of inhabited structure. It wasn't briefed. I looked at the California cases. I'm prepared to answer any questions the court has about that. If there are none, I'll proceed to the court. I have a different question, and perhaps my colleagues will want to get into that. And I just want to clarify, during the trial, was – I think I know the answer to this, but I want to be sure that I know the answer to this. Was the jury instructed on any lesser included offenses, and in particular on arson of an uninhabited dwelling, or was it instructed only on the offense of conviction? My information is that it was only instructed on the offense of conviction. I'm sure a respondent will correct me if I'm wrong on that. I will indicate to the court that when this case came to my office, it came with a certificate of appealability as the issue of propriety of the remand only. So I have not read the transcript of the underlying trial because the remand issue is really a very, very narrow issue. And I could see no reason to read a murder trial transcript to prepare for the remand issue. Well, it would seem that if they were instructed that way, that the court thought that at the time that the existing California law is that you could – the facts of this case are the only reason the residence is uninhabited is because the defendants killed him. Right. And so the Ramos case that stands for the proposition in California that a deceased residence – a deceased residence that it can no longer be an inhabited dwelling died of natural causes. Right. As opposed to died because the person killed him. So I'm not sure that the district court got the California law right, that there isn't really anything exactly along those lines. Well, the question of how the victim died, how the resident of the house died, is really not pertinent to whether or not the house was inhabited. Well, but you get – but generally speaking, you know, for example, you don't get the benefit of inheriting under the will if you kill the people. All right. And so it's like generally speaking, courts don't look to give someone a benefit by virtue of bad behavior. And the only reason that there's no longer an inhabited is because he got killed, and that's the subject of the case. He didn't exactly get a benefit. He was convicted of murder. Well, I know that. And so we're not – But that's important. That's important because the element of his wrongful termination of the life of the resident of the house was adjudicated against him. It doesn't justify creating an exception to what appears to be very clear California law that at the time of the arson, if the occupant of the house is dead, it's not inhabited. So it's not a question of – I understand what the Court is saying. You can't benefit from the fact that you murdered somebody. But on the other hand, he didn't. All that is happening is that sometimes the law works in strange and mysterious ways. He was convicted of murder. That's how he was punished for killing the decedent. On the other hand, that doesn't change the fact that when he decided to come back and set the house on fire, the house was uninhabited by a live person. And the California law is very clear on that. I looked at the cases subsequent. I couldn't find anything different. Well, the only distinction that I see is in that case, the person died of natural causes as opposed to at the hand of the person that is being tried for the offense. And I do think that – I'm not sure that courts would look at that exactly the same, but thank you. Okay. I would appreciate your turning to the issue of whether the certified issue about whether a remand is proper or whether in the absence of an instruction on a lesser-included offense, the proper answer is simply to take away the conviction altogether. Well, I'll ask you to reserve some time for rebuttal, three minutes for rebuttal. I know that counsel for Respondent has looked at the record, and since I raised the issue of the instruction in the reply brief based upon what Respondent argued. Well, what is your view of the law? Does it make a difference whether the jury was instructed on a lesser-included offense under the double jeopardy analysis? It does, according to the decisions of this Court in – Foscas, Chan or something like that? Yeah, Goudet is one of them, I found, at 714 F. 2nd. 80, where I believe I cited in my brief where the Court held that if the jury is not instructed as a lesser offense, it's an acquittal of the greater offense is an acquittal period, that it can't be sentenced under a lesser offense. What California does under its own system, if this issue had been in front of the California Court, is irrelevant to what's before this Court and what was before the district court. The district court found that the evidence was insufficient to support the conviction. The conviction must be set aside. Nothing else before the magistrate and the district court, and therefore, the remand should simply be to set aside the conviction. Did you want to – I'm sorry. Does California have a provision that allows a district court to enter a different judgment if an error has been made in the sentencing? Yes, but that's under California law, and that's not before this Court. In other words, what California does – Shouldn't we give California an opportunity to do just that by sending a – by issuing a condition over it? No, because the only thing that's before this Court is whether or not there was sufficient evidence to support the conviction. And this Court – and the constitutional basis is that double jeopardy would preclude a – what do you call it – a modification of this judgment by – But he wouldn't be tried again. He would simply be sentenced again for a lesser included. He'd be sentenced for something that he was never charged with and the jury was never instructed. And California procedure does allow that, but you say Federal due process does not allow  Correct. And apparently nobody's challenged it in California because usually it works for the benefit of the defendants. And with that, I'd ask to reserve my time. You may do that. We'll hear from the State. And they can tell me about pronouncing names and about instructions to the jury. Good morning. May it please the Court. My name is Tammy Crimson. I represent the warden. I believe it's Jacquez. I'm not sure of the pronunciation either. Let me – would you like me to start with your question about the – I would. Okay. Was the jury instructed on a lesser included offense, which under Ninth Circuit law appears to make a difference in the double jeopardy analysis? The jury wasn't instructed on the – Was not? Was not instructed on the lesser included offense of arson of a structure. How this started out was it was a penal code, California Penal Code 451A, with great bodily injury. And then once the prosecution got to the end of its case in chief, it became clear that the victim was dead prior to the fire being started. So then it was amended to 451B. And that doesn't affect double jeopardy here because the jury was instructed on all the elements that are of the lesser included offense. The only thing at issue here, the district court found insufficient evidence of the inhabited structure. It was still a structure. The jury still had to find it was a structure. And California procedures make it clear that you can – if the evidence does not conform to the greater offense, you can modify that to the lesser included offense. Well, that's certainly true as a matter of California law. So – and I think we all accept that. I mean, I don't know. I'm only speaking for myself because, of course, we haven't discussed the case. But the question is, as a matter of Federal constitutional law, what is the proper double jeopardy analysis when the jury is instructed only on one offense and the evidence is insufficient for that offense? Can there be entry of judgment for a lesser included offense where the evidence was sufficient but the jury was never given that opportunity? Yes. Similar to California, Federal Rules of Criminal Procedure has 31C that allows a court to enter judgment on a lesser when the evidence of the greater is insufficient. And in particular, in Rutledge, which is cited in our brief, in Morris, the court has found there's no double jeopardy violation when you enter judgment for a lesser included offense when all the elements of the greater offense have been found. But Rutledge actually didn't specifically address this issue. They sort of reserved this issue. And so what do you make of the cases from our circuit, including Vasquez – I don't know how to pronounce these names – where we said that one of the necessary conditions is that the jury must have been explicitly instructed that it could find the defendant guilty of the lesser included offense. That seems to be what we've held. How do we get around that in this case? Well, I think because there's not the – the United States Supreme Court hasn't found that you have to be instructed on the lesser included offense. And although this court may have found that in that case, that you still don't have the double jeopardy violation when all the elements have been instructed and the jury has found those elements. And I don't believe that either Morris or – in Morris in particular, the court reduced the aggravated murder offense to a murder offense. And I don't believe, without looking at it offhand, that there was any specific distinction between whether there was an instruction or not. And again, because federal rules of criminal seizure 31C allows the court to enter judgment. And in this particular case, the jury found all of the elements that are required of the lesser included offense. And more importantly, it is in this situation where there's been found an insufficiency of the evidence, it should go back to the state court to remedy the constitutional violation. And they should have the opportunity to – Well, the question – I guess that begs the question whether it's creating a constitutional violation or remedying a constitutional violation. It's a remedy in the sense that there was insufficient evidence, as I understand the State is prepared to concede and conceded by not cross-appealing. But the question is whether the particular remedy chosen creates another constitutional problem or not. And that's what we're wrestling with, I think. Well, certainly, and we agreed in our briefing that the district court should not have directed the state court to revise its judgment, although I believe the remedy that was included is the proper remedy that will basically be able to mitigate that constitutional violation. The state court should have the opportunity. A conditional writ should be issued, so that way the state court can look at it and determine what they're going to do with it. And in particular, just like in People v. Jones, they were able to, when there was found there wasn't arson of an occupied structure, that they were able – they modified it to arson of a structure. And that's precisely what the state court should have the opportunity to do here, is to modify the judgment, particularly when the petitioner didn't even bring this claim on direct appeal. It was procedurally barred. And this Court in a prior proceeding reversed that. But he should not get a windfall for not allowing the state court to modify its own judgment and do the procedures it can under California law to remedy a constitutional violation. Do you think that the federal – do you think that the district court got California law right? You didn't appeal. We didn't appeal. And there were, I think, a number of reasons of that. But I didn't make that decision. I think California law is – of course, this case was a 1993 case, and it wasn't until 1997 when Ramos was decided. But I think California law, even though the California Supreme Court hasn't definitively decided on it, has indicated that you can't have an inhabited dwelling of a dead person with a dead person. But we did distinguish that in our answer in replying to the petition that, first of all, it is different, as you've already pointed out, when the person kills the other person. But also, there was evidence at trial. This victim was not the actual owner of the home when he was killed. The owner was away or was moving or something like that. Well, actually, what had happened was the new – He wasn't moving back in or – The new owner had purchased the home and was having trouble getting the old owner out of the home, who was the victim, and had served an eviction notice a month before the murder occurred. And oddly enough, the day that the murder occurred was the day the victim was supposed to be out. And there was testimony by the new owner that he was coming and going from the house, and he was remodeling it and was trying to get the old owner out of the house. And so I – The new owner wasn't living there yet. The new owner wasn't living there yet, but there isn't a current – I mean, there is a – you have to have the intent to presently dwell in the place, but they don't have to be occupied. And I think California laws – Well, regardless of that, the State did not cross-appeal. Sure. And do you agree that this is not an issue on appeal? I was prepared to discuss it, but yes, we did not choose to appeal that issue. So you want to – even if the district judge got it wrong, you just want to leave it that way? We're fine with leaving it that way. We just – as far as the remedy, we would like to have the State court have the opportunity to modify the judgment to arson of the structure, and a conditional writ should be issued. What would – if you were writing the way that the conditional writ would be worded, what would it say? Conditional writ, how they've often been issued, is saying that the prisoner should be released within – usually it's – they give about 60 days, 60 days unless the State court, in this case, would re-sentence to remedy the constitutional violation. Okay. But he doesn't – but he still has another sentence, though. Yes. So he just would be released on that charge. Right. He would not be going anywhere because he has a 25-year life sentence for the murder. So that could be a bad way to write it. That's true. It should be that the – that conviction – well, see, the problem with that is that the – Released from custody insofar as it's based on this crime. Sure. But then it's the second half that concerns me, that you would say that unless the State court, within a reasonable time, re-sentences him to avoid the constitutional violation, I guess if it's that general, does that leave open for further arguments on the point that I was raising earlier, in the State court? In other words, does that leave alive the contention that either due process or double jeopardy precludes entry of any judgment? And if so, what's wrong with that? Certainly if he was retried, which that would not be the wording, then we would have a double jeopardy issue. No, no, no. I understand that. But for re-sentencing, again, I think the United States Supreme Court cases, and I don't know if the Ninth Circuit has decided – if this Court has decided a case where the jury wasn't instructed. Yeah. Well, I don't know if that was the fact, but it certainly has been listed as one of the requirements. I guess all I'm really asking you is whether these arguments would be available in the State court to have the discussion we're having now as to whether a arson of a structure sentence is proper or no sentence is proper. Well, certainly he could appeal the – whatever the court does with the judgment. So whether or not there is – I don't – there isn't a constitutional violation in my opinion, but even if there would be, the State court should have the opportunity to remedy it, and then that could be addressed in that form. Well, the prosecutor could dismiss the charge, too, right? Certainly. This may come back, and they may decide to do nothing with it, and that charge may be dismissed, and they go with the life sentence. I mean, there's certainly a number of things that could happen in State court, and it should be up to the State court to determine how to remedy that constitutional violation, if the court wants to at all. And particularly, just to add in closing, in a situation where this claim was not raised on direct appeal and the State court never got the opportunity to tell us what they would have done with this or to remedy the constitutional violation if there was one. Thank you, counsel. Mr. Morris, you have some rebuttal time. Sir, I understood you to say that the position you were taking was that the defendant had not been charged, nor had the jury been instructed on the element of the lesser included crime. Correct. What elements were they not instructed on? They were instructed on arson. No, they weren't. They were instructed on dwelling. They were instructing on structure. They were also instructed, perhaps, and perhaps wrongly, on what is inhabited. But they were instructed on all the elements of the lesser included crime, were they not? Well, they weren't instructed on what had to be inhabited. But if I could answer the Court's question by reading from the case that I cited, United States v. Godet, if no instructions are given on lesser included offenses, the jury's verdict is limited to whether the defendant committed the crime explicitly charged in the indictment. In such cases, an acquittal on the crime explicitly charged necessarily implies an acquittal on all lesser offenses included within that charge. And then this Court, well, the Ninth Circuit, cites In re Nielsen, 131 U.S. 176. An acquittal on the explicit charge therefore bars subsequent indictment. But that was an acquittal. This was a guilty verdict. The jury was charged with every element of arson of a dwelling, plus gratuitously and erroneously of an inhabited dwelling. They found guilt as every element, including inhabited, incorrectly. But they found guilt as to arson, structure, dwelling. And they were right. But they weren't charged. And you're saying that this should all be dismissed. Just because they weren't charged, they weren't informed that there was an alternative based upon whether or not the victim was alive or dead. And we held that in Vasquez-Chan in 1992, that one of the conditions necessary to the entry of judgment on a lesser included offense is that the jury must have been explicitly instructed. Correct. Okay. So the Ninth Circuit law is pretty clear. It appears to be based upon a United States Supreme Court case. It's an oldie but a goodie. It's from 1889. I didn't cite it in my brief because I'd rather rely on a more recent circuit case. But it seems clear that that's the situation here. And the remand, all that's before this Court is a finding by the district court which has not appealed that there's insufficient evidence to support the conviction. Remand's simple. Remand to the State court with instructions to dismiss the charge. Thank you, counsel. We appreciate the arguments of counsel. The case is submitted.
judges: Graber, Callahan, Bea